IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHEYVETTE D. DINKENS,          )
                               )
                  Plaintiff,   )
                               )
vs.                            )          Case No. 12-cv-2260 JAR/KMH
                               )
FLORENCE CRITTENTON SERVICES OF )
TOPEKA, INC.,                  )
                               )
                  Defendant.   )
_____ )

## COMPLAINT

The plaintiff, Sheyvette D. Dinkens, for her claims against the defendant, Florence Crittenton, states and alleges the following:

### JURISDICTION AND VENUE

1.      This is an employment case based upon and arising under 42 U.S.C. § 1981 and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA").

2.      This court has subject matter jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. § 1331, since these claims arise under federal statutory law.  The plaintiff has received a right-to-sue letter from the Equal Employment Opportunity Commission with regard to her claim under the ADEA, and she filed this action within 90 days of her receipt of that letter.

3.      All of the wrongful acts and practices set forth below were committed in the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      The plaintiff, Sheyvette Dinkens, is an African-American female and she was formerly employed by the defendant.  Ms. Dinkens is a resident of the City of Topeka in Shawnee County, Kansas.

5.      The defendant, Florence Crittenton Services of Topeka, Inc. (hereinafter "Florence Crittenton"), is a corporation doing business in Kansas and can be served by its registered agent, Florence Crittenton Services of Topeka, Inc. at 2649 SW Arrowhead Road, Topeka, Kansas 66614.

## FACTUAL ALLEGATIONS

6.      Plaintiff was hired by Defendant on June 25, 2007 as a Youth Counselor, a full time position.

7.      Florence Crittenton is a Psychiatric Residential Treatment Facility ("PRTF") offering services to girls ages 13-18 with mental illness, substance abuse experience, or at-risk behavior requiring containment and a controlled environment.

8.      Plaintiff's job duties included participation and supervision of daily activities of residents; completing bed checks, body checks and UAs; completing behavior logs; and assisting residents in observing appointments, community service and scheduled activities.

9.      Each of Plaintiff's employee evaluations at Florence Crittenton indicate that she was meeting or exceeding expectations.

10.     Plaintiff suffers from lymphedema, which causes swelling and pain in her feet and ankles.

11.     In or about September 2009, Plaintiff requested FMLA leave for her therapy sessions as well as change in her schedule to accommodate her lymphedema.

12.     Plaintiff's FMLA leave was approved on September 23, 2009.

13.     On October 23, 2009, Plaintiff was granted a change in work schedule, making her new schedule Sunday, Tuesday, Wednesday, Thursday and Friday from 11:00 p.m. to 7:00 a.m.

14.     In or about October 2010, Jacque, a white employee, requested to have every weekend off.

15.     On or about October 5, 2010, Plaintiff provided another letter from her physician regarding the ongoing nature of her condition and the need to continue with the schedule provided in October 2009.

16.     In November 2010, Defendant asked several employees to modify their schedules to accommodate Jacque's request for weekends off, including requesting Plaintiff to change her schedule to Sunday, Monday, Wednesday, Thursday and Friday.

17.     Plaintiff declined to change her schedule and indicated to her supervisors that her schedule had been approved by the President of the company.

18.      On December 4, 2010, Plaintiff met with the Chief Executive Officer, JoLana Pinon, and President Kristina Dietrick regarding her schedule.

19.     In the meeting, Dietrick indicated the company did not have to comply with requests by Plaintiff's doctor.

20.     Pinon and Dietrick indicated they would no longer allow Plaintiff to work the previously approved schedule, but would allow Plaintiff to work a part-time schedule from Friday through Sunday.

21.     Plaintiff declined to change to the part-time position.

22.     Plaintiff's employment was terminated.

### COUNT I
### DISPARATE TREATMENT IN VIOLATION OF § 1981

23.     Plaintiff incorporates all of the above paragraphs as though fully set forth in this Count.

24.     Throughout the course of her employment, Plaintiff was treated differently than similarly situated white employees by Defendant.  The disparate treatment of Plaintiff included, but was not limited to, shift scheduling, discipline, and ultimately Plaintiff's termination.

25.     The disparate treatment of Plaintiff, as opposed to similarly situated white employees, was motivated by improper factors, including Plaintiff's race.

26.     As a result of Defendant's illegal and intentional conduct, Plaintiff has suffered serious economic losses, as well as emotional pain, anger, and loss of enjoyment of life.

27.     Defendant's actions were malicious and were committed with reckless indifference to the Plaintiffs' federally protected rights, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for injunctive and declaratory relief in the form of reinstatement to her former employment, and for damages in excess of $100,000.00, consisting of back pay, front pay, loss of benefits, prejudgment interest, emotional distress, anger, loss of enjoyment of life, punitive damages, attorney's fees, litigation expenses and such other and further relief as the Court deems proper.

## COUNT II - DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

28.     Plaintiff incorporates by reference the above numbered paragraphs 1 through 36 as fully set forth herein.

29.     Plaintiff has lymphedema which causes pain and swelling in Plaintiff's legs and substantially limits the major life activities of walking and standing.

30.     Plaintiff's lymphedema can be controlled by limiting the about of time spent walking and/or standing.

31.     Despite knowledge of the Plaintiff's disability and the restrictions placed upon Plaintiff by her doctors, Defendant failed to provide accommodations for Plaintiff's lymphedema by allowing her to continue her approved schedule.

41.     As a result of Plaintiff's disability and Defendant's failure to accommodate, Plaintiff was subject to retaliatory actions including termination of employment.

42.     As a result of these retaliatory acts, Plaintiff suffered damages in the form of loss of employment and benefits, mental anguish, anger, emotional distress and loss of enjoyment of life.

43.     In retaliating against Plaintiff, Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.  Defendant is therefore liable for punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in excess of $100,000.00, consisting of back pay and loss of benefits, front pay, emotional distress and mental anguish, punitive damages, attorney fees, litigation expenses, prejudgment interest, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

SLOAN, EISENBARTH, GLASSMAN,
  MCENTIRE & JARBOE, LLC
1000 Bank of America Tower
534 S. Kansas Avenue
Topeka, KS 66603
(785) 357-6311
(785) 357-0152 fax

By: __s/Alan V. Johnson_____
      Alan V. Johnson, #9992
      ajohnson@sloanlawfirm.com
      **Attorneys for Plaintiffs**

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims triable to a jury.

SLOAN, EISENBARTH, GLASSMAN,
    MCENTIRE & JARBOE, LLC
1000 Bank of America Tower
534 S. Kansas Avenue
Topeka, KS 66603
(785) 357-6311
(785) 357-0152 fax


By:   s/Alan V. Johnson
        Alan V. Johnson, #9992
        ajohnson@sloanlawfirm.com
        **Attorneys for Plaintiffs**

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that Kansas City, Kansas, be designated as the place of trial in the above-captioned matter.

> SLOAN, EISENBARTH, GLASSMAN,
>   MCENTIRE & JARBOE, LLC
> 1000 Bank of America Tower
> 534 S. Kansas Avenue
> Topeka, KS 66603
> (785) 357-6311
> (785) 357-0152 fax
>
>
> By:   s/Alan V. Johnson
>        Alan V. Johnson, #9992
>        ajohnson@sloanlawfirm.com
>        **Attorneys for Plaintiffs**